IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**ROBERT BOOKER,**

    **Petitioner,**

v.                                                5:03CV308-SPM/AK

**WARDEN MONICA WETZEL &**
**UNITED STATES OF AMERICA,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION

Presently before the Court is Petitioner's *pro se* § 2241 petition. Doc. 1. Respondents have filed their response, Doc. 4, and Petitioner has filed a reply. Doc. 5. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court respectfully recommends that the petition be denied, and this cause be dismissed with prejudice.

## BACKGROUND

Petitioner was originally sentenced by the United States District Court for the Northern District of Florida to 150 months imprisonment after pleading guilty to conspiracy to possess with intent to distribute marijuana. *United States v. Booker*, Cause No. 3:00CR59-RV (N.D. Fla.), Docs. 4, 8, & 12. That judgment was later vacated, Doc. 52, and Defendant was resentenced to 114 months imprisonment. Doc. 57. The court also ordered Petitioner to pay a

special assessment of $100.00 and a fine of $1,000.00. *Id*.

According to the Schedule of Payments section of the judgment, payment of the special assessment "shall be paid immediately." *Id*. The Court further directed, "Any payments of the...fine while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program." *Id*. In the Court's special instructions, it stated:

> If this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due.

*Id*. Finally, the Court directed that, as part of Defendant's supervised release, any unpaid fine balance be paid at a rate of "not less than $25.00 per month to commence 3 months after release from incarceration." *Id*.

At the time this petition was filed, Petitioner was incarcerated at FCI Marianna and was repaying his fine through the Inmate Financial Responsibility Program (IFRP). Doc. 4, Ex. 3. He is presently incarcerated at USP McCreary, Kentucky. *See* http://www.bop.gov/iloc2/LocateInmate.jsp.

In his petition, Petitioner maintains that Respondent does not have the authority to set and schedule installment payments to fulfill his court-ordered financial obligations and that he should not be "forced" to participate in the IFRP. Doc. 1. In making this argument, Petitioner relies on *United States v. Prouty*, 303 F.3d 1249, 1255 (11th Cir. 2002), which held that it was improper for the court to order payment of restitution immediately while simultaneously delegating to the probation office the task of setting the repayment schedule. In the Eleventh Circuit's view, the Mandatory Victims Restitution Act expressly precluded the district court from delegating the task of setting the payment schedule, which is a core judicial function. *Id*.

As relief, Petitioner seeks an injunction to prevent Respondents from subjecting him to cruel and unusual punishment "by forcing [him] to participate in their IFRP when they do not have authority to override the sentencing judge nor 18 U.S.C. §3572(d) " and requests that he be placed in "IFRP Exempt Status" or, alternatively, immediate release from prison. *Id*. Petitioner has exhausted his administrative remedies as required under *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004). *See* Doc. 4; *see also* Doc. 1.

## DISCUSSION

Pursuant to 18 U.S.C. § 3572, a person "sentenced to pay a fine...shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1). "If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule." *Id*. "If the judgment...permits other than immediate payment, the length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made." 18 U.S.C. §3572(d)(2).

Though the judgment in this case specified immediate payment of the special assessment, it made no such specific provision for the payment of the fine. However, pursuant to the plain language of the statute, the fine was due immediately "unless...the court provide[d] for payment on a date certain or in installments." The judgment certainly did not provide for "payment on a date certain," and thus, the only question is whether the judgment provided for "payment...in installments."

In this Court's view, the more logical interpretation of the judgment is one requiring immediate payment not only of the special assessment but also of the fine. In requiring

participation in IFRP and in making continued payment of the fine a condition of supervised release, the Court certainly anticipated that Defendant would not be able to pay the fine immediately. However, it chose not to stay payment of the fine pending release, *see* Doc. 4, Ex. A at 6 ("payment of criminal monetary penalties shall be due during the period of imprisonment"), instead providing for payment through IFRP, the purpose of which is to "encourage[ ] each sentenced inmate to meet his...legitimate financial obligations." 28 C.F.R. § 545.10. A court-imposed fine is a recognized legitimate financial obligation. *Id*. at § 545.11(a)(3).

A defendant's willful refusal to pay his fine or his failure to make sufficient efforts to pay the fine has significant consequences. "A fine...is delinquent if a payment is more than 30 days late." 18 U.S.C. § 3572(h). "A fine...is in default if a payment is delinquent for more than 90 days...[W]hen a fine...is in default, the entire amount of the fine...is due within 30 days after notification of the default, subject to the provisions of section 3613A." *Id*. at § 3572(i). Section 3613A in turn contemplates the effects of a default in payment of a fine: "Upon a finding that the defendant is in default on a payment of a fine...the court may...resentence a defendant pursuant to section 3614, hold the defendant in contempt of court...or take any other action necessary to obtain compliance with the order of a fine...." 18 U.S.C. § 3613A(a)(1). If the defendant "knowingly fails to pay a delinquent fine...the court may resentence the defendant to any sentence which might originally have been imposed," 18 U.S.C. § 3614(a), including imprisonment: "The defendant may be sentenced to a term of imprisonment under subsection (a) only if the court determines that--

(1) the defendant willfully refused to pay the delinquent fine or had failed to make sufficient bona fide efforts to pay the fine...." *Id*. at § 3614(b).

*Case No: 5:03CV308-SPM/AK*

IFRP specifically addresses these issues. "When an inmate has a financial obligation, [prison] staff shall help [the] inmate develop a financial plan and shall monitor the inmate's progress in meeting that obligation." 28 C.F.R. § 545.11. Steps towards helping an inmate meet his financial obligations begin during the initial classification process. *Id*. at § 545.10. "[A]t subsequent program reviews, staff shall consider the inmate's efforts to fulfill those obligations as indicative of that individual's acceptance and demonstrated level of responsibility." *Id*. In the end, the inmate himself is "responsible for making satisfactory progress in meeting his...financial responsibility plan and for providing documentation of these payments to unit staff." *Id*. at § 545.11(b). If an inmate refuses to participate in the IFRP or fails to comply with his financial plan, he is denied certain incentives which are reserved for participating inmates, such as furlough, bonus pay, outside work assignments, and placement in community-based programs, and is subject to limits on his commissary spending and placement in the lowest housing status. *Id.* at § 545.11(d).

Though frequently challenged, the IFRP has universally been upheld as constitutional and as fulfilling legitimate penalogical interests. *See*, *e.g*., *McGhee v. Clark*, 166 F.3d 884, 886-87 (7th Cir. 1998). IFRP has not been addressed by the Eleventh Circuit, but there is no reason to think that the Eleventh Circuit would deviate from the conclusions of its sister courts in this regard.

Despite Petitioner's protestations to the contrary, this case is factually distinguishable from *Prouty*. In *Prouty*, the court was not sufficiently clear as to its true intentions with regard to the restitution order. On the one hand, it declared that restitution was due immediately, while on the other hand, it waivered after the defendant objected to immediate payment on the ground

that he did not have the means to make immediate restitution. *Prouty*, 303 F.3d at 1251. The court denied the defendant's request that it set a reasonable payment schedule, stating instead that it would "'leave that to the discretion of the Probation Office or whoever does that.'" *Id*. And therein lay the problem, according to the Eleventh Circuit, which found the restitution order to be improper because it required "'immediate' payment with an informal understanding that the probation office shall set a repayment schedule." *Id*. at 1255.

In this case, the Court, by operation of the statute, ordered that the fine was due immediately. Without the ambiguity which occurred in *Prouty,* a court's order that a fine is payable immediately does indeed establish a payment schedule, i.e., a schedule requiring immediate payment. *See United States v. Martinez*, 2003 WL 257139, at *3 (11th Cir. Feb. 7, 2003). Petitioner has presented nothing to suggest that the Court deviated at sentencing from that payment schedule so as to create a *Prouty* concern. The Court's reference to IFRP was merely a recognition that Petitioner could not meet the immediate payment schedule .

With that said, the question remains whether the creation of a financial responsibility plan through the IFRP which permits an inmate to make monthly or quarterly payments towards a fine impermissibly interferes with the court's judicial function of establishing the payment schedule itself. In this Court's view, it does not. Instead, the IFRP gives an inmate who owes a legitimate financial obligation an opportunity to fulfill all the terms of a judgment, terms which were set by the court in the payment schedule. Imposing a monetary penalty and then turning the enforcement of that penalty over to the Bureau of Prisons is not impermissible. It is generally recognized that when a court orders that the fine is due immediately, it does not require "immediate payment in full but 'payment to the extent that the defendant can make it in good

faith, beginning immediately.'" *McGhee*, 166 F.3d at 886 (citation omitted). Assisting an inmate to meet his financial obligations and to become financially responsible are legitimate functions of a prison; to allow an inmate to disregard those obligations, as the instant Petitioner desires, would place the penitentiary in the position of ignoring its own court-ordered enforcement obligations with full knowledge that the inmate faces significant legal consequences if he does not take steps towards meeting those obligations. Such an approach would hardly fulfill the prison's obligations to protect, instruct, and discipline those charged to its care.

Petitioner has pointed to nothing which even suggests that his participation in the IFRP is anything other than voluntary or that his participation in the IFRP subjects him to cruel and unusual punishment or to double jeopardy. Though there are certainly incentives to participation, he has pointed to no "harsh sanctions" for an inmate's refusal to participate in the IFRP. A non-participating inmate simply does not get choice job or housing assignments and cannot spend as much as he would like at the commissary or be given furlough. There is nothing unconstitutional or improper about using carefully selected and enticing incentives to encourage an inmate to pay what he legitimately owes.

The courts which have considered the fact pattern presented here are in agreement. *See Bramson v. Winn*, 136 Fed. Appx. 380 (1st Cir. 2005); *Matheny v. Morrison*, 307 F.3d 709 (8th Cir. 2002); *McGhee v. Clark*, 166 F.3d 884 (7th Cir. 1998); *Montano-Figueroa v. Crabtree*, 162 F.3d 548 (9th Cir. 1998), *cert. denied*, 526 U.S. 1091 (1999); *Pleasants v. Dewalt*, 2003 WL 23350442 (E.D.N.C. Feb. 14, 2003); *Solis v. Menifee*, 2000 WL 1401633 (S.D.N.Y. Sept. 25, 2000); *Hudson v. True*, 1999 WL 1285832 (D. Kansas Dec. 23, 1999).

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's petition

*Page 8 of 8*

for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be **DENIED** and that this cause be

**DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **22nd** day of September, 2005.

> s/ A. KORNBLUM
> ALLAN KORNBLUM
> UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**